**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2179**

OSCAR ALFREDO FLORES-VASQUEZ,

        Petitioner,

    v.

JEFFERSON B. SESSIONS III, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 1, 2017                            Decided:  July 5, 2017

Before GREGORY, Chief Judge, and TRAXLER and DUNCAN, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Stephen C. Fleming, LAW OFFICES OF STEPHEN C. FLEMING, State College, Pennsylvania, for Petitioner.  Chad A. Readler, Acting Assistant Attorney General, Margaret Kuehne Taylor, Senior Litigation Counsel, Elizabeth K. Fitzgerald-Sambou, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Alfredo Flores-Vasquez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing Flores-Vasquez's appeal from the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We dismiss the petition for review in part and deny it in part.

First, as the Attorney General aptly observes, some of the specific contentions that Flores-Vasquez asserts in this court were not presented on appeal to the Board. We thus lack jurisdiction to review those lines of argument that relate to the rejection of Flores-Vasquez's future persecution claim and denial of relief under the CAT because they were not administratively exhausted. *See* 8 U.S.C. § 1252(d)(1) (2012) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]"); *Kporlor v. Holder*, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the [Board] before we have jurisdiction to consider it." (internal quotation marks omitted)).

Next, we have reviewed the exhausted arguments that Flores-Vasquez presses on appeal in light of the administrative record, including the transcript of Flores-Vasquez's merits hearing and all supporting evidence, and the relevant legal authorities. Despite Flores-Vasquez's arguments to the contrary, the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B)

2

(2012)—including the immigration judge's adverse credibility finding[*]—and substantial evidence supports the denial of relief in this case, *see INS v. Elias–Zacarias*, 502 U.S. 478, 481 (1992).

Accordingly, we dismiss the petition for review in part for lack of jurisdiction and deny the petition in part for the reasons stated by the Board. *See In re Flores-Vasquez*, (B.I.A. Sept. 13, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART*
*AND DENIED IN PART*

---

[*] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).